IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:10-cv-442-TMP |
| JAMES WASHINGTON, et al., | ) |
| Defendants | ) |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation on February 7, 2012 (Doc. 18), recommending that the motion for summary judgment (Doc. 13) filed on behalf of defendants, Takeka Keyes, Corey Oden, James V. Washington, be denied. The defendants filed their objections to the report and recommendation on February 22, 2012 (Doc. 19). The objections make two essential arguments: (1) that the recent Supreme Court decision in Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175 (2010), suggests, in the absence of an injury, a prisoner cannot show sufficient force to raise a claim for use of excessive force; and (2) that the defendants are entitled to qualified immunity notwithstanding circuit precedent holding that qualified immunity cannot exist in a prison excessive force case because an element of the claim itself is a showing or malicious and sadistic intent on the part of the defendant. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections, and other materials in the court file, the court agrees with the magistrate judge that summary judgment must be denied.

The defendants offer an interesting reading of Wilkins v. Gaddy, explaining that the Supreme Court reiterated the time-honored rule that "not every push or shove..." amounts to excessive force.

They argue that Wilkins confirms that, in the absence of evidence of *some* injury, plaintiff cannot show other than that the force used against him was *de minimis*, nothing more than a push or shove. To the contrary, the Supreme Court made clear that the excessive force analysis under the Eighth Amendment focuses "on the nature of the force rather than the extent of the injury...." The Court explained:

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid. (quoting Whitley, 475 U.S. at 321, 106 S. Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9, 112 S. Ct. 995. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Ibid.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Ibid. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Accordingly, the Court concluded in Hudson that the supposedly "minor" nature of the injuries "provide[d] no basis for dismissal of [Hudson's] § 1983 claim" because "the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes." 503 U.S. at 10, 112 S. Ct. 995.

Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178-79 (2010). The focus of the excessive-force inquiry is not the level of injury, but the nature and amount of force used. There are many instances of constitutionally unacceptable levels of force that result in no discernible injury. Waterboarding, suffocation, and electric shocks are but a few examples. The fact that a prisoner may escape broken bones, cuts, and bruising does not mean that he has not been subjected to unconstitutionally

excessive force. Although the extent of injury suffered is evidence that might correlate to the fact and/or extent of the force used, a discernible injury is not a *sine qua non* for an Eighth Amendment claim. Thus, in the instant case, even in the absence of a discernible injury, the plaintiff has offered his testimony to the effect that both officers Washington and Oden struck him several times in the face while handcuffed and being escorted to the infirmary, that both kicked him in the backside, and that Officer Keyes witnessed these events without intervening to protect plaintiff. This testimony is sufficient to present a jury question both as to whether the facts occurred as plaintiff claims and whether it was motivated by a malicious and sadistic intent. Wilkins v Gaddy, far from undermining this conclusion, bolsters it.

Circuit precedent in the Eleventh Circuit holds that, as a matter of law, qualified immunity does not exist in a prison excessive force case where an element of the claim itself is the malicious and sadistic intent of the defendant to inflict pain for no reason. The Eleventh Circuit put it succinctly in McReynolds v. Alabama Department of Youth Services, 204 Fed. Appx. 819, 821 (11th Cir. 2006), when it wrote, "When the constitutional violation is excessive force in violation of the Eighth amendment, qualified immunity is an unavailable defense because the use of malicious and sadistic use of force to cause harm is a clear violation of the Constitution and Supreme Court precedent." Id. citing Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir.2002); see also Skelly v. Okaloosa County Board of County Commissioners, 2012 WL 335625 (11th Cir, Feb. 3, 2012) ("In Eighth and Fourteenth Amendment excessive force cases, however, 'the subjective element required to establish [the constitutional violation] is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution....'")(Quoting Johnson v. Breeden, 280 F.3d 1308, 1321–22 (11th Cir.2002)). Thus,

3

when a prisoner offers sufficient evidence to avoid summary judgment on a claim of Eighth Amendment excessive force, there is no room left for a qualified immunity defense.

Because this case came before the magistrate judge and this court on the motion for summary judgment of the defendants, the court must accept as true the plaintiff's testimony concerning the fact that force was used against him, the lack of any reason for the force, and the extent of force used. The court may not disregard that direct testimony merely because the defendants deny that it happened and there is no medical evidence of injury. The court may not assess the credibility of plaintiff's testimony. For this reason, the court finds that there is a genuine issue of fact concerning the use of excessive force against the plaintiff, and defendants may not claim qualified immunity as a defense.

By separate order, the court will overrule the defendants' objections to the report and recommendation, will adopt the report and accept the recommendation, and will deny the defendants' motion for summary judgment.

DONE this 30th day of March, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE